FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/14/2015 12:29:57 PM

CHRISTOPHER A. PRINE
Clerk

# TAB 5

NO. _____

| | | |
|---|---|---|
| IN THE GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| | § | |
| RUBY S. PETERSON, | § | NUMBER \_\_\_\_ OF |
| | § | |
| AN INCAPACITATED PERSON | § | HARRIS COUNTY, TEXAS |

**ORIGINAL PETITION FOR APPOINTMENT OF TEMPORARY AND PERMANENT GUARDIAN(S) OF THE PERSON AND ESTATE OF RUBY S. PETERSON, FOR DECLARATORY JUDGMENT, AND FOR ALTERNATIVE RELIEF, TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Donny ("Don") Leslie Peterson and Mackey ("Mack") Glen Peterson, requesting of the Court the appointment of a Temporary Guardian and, subsequently, a Permanent Guardian of the Person and Estate of Ruby S. Peterson ("Proposed Ward") and for Declaratory Relief as hereinafter stated, and in support whereof would respectfully show unto the Court the following:

<u>**DISCOVERY CONTROL PLAN**</u>

1. Discovery in connection with this action is intended to be conducted under level 3 of Rule 190.1, Texas Rules of Civil Procedure.

<u>**PARTIES**</u>

2. Petitioner, Donny ("Don") Leslie Peterson is an individual resident of Harris County, Texas and attorney in fact under Financial Power of Attorney of Ruby S. Peterson dated November 15, 2013. In the event that such Power of Attorney be declared null and void, Petitioners then seek the appointment of a duly qualified Guardian of the Person and Estate to Proposed Ward, Ruby S. Peterson.

692687.1

3. Petitioner, Mackey ("Mack") Glen Peterson is an individual resident of Hays County, Texas and attorney in fact under Financial Power of Attorney of Ruby S. Peterson dated November 15, 2013. In the event that such Power of Attorney be declared null and void, Petitioner then seeks the appointment of a duly qualified Guardian of the Person and Estate to Proposed Ward, Ruby S. Peterson.

4. Respondent, Carol Peterson Manley is an individual resident of Harris County, Texas, who may be served with notice of this Petition at her residence 7915 Veramonte Ct., Sugar Land, TX 77479-7003, or at any other address she can be located.

5. Respondent, David Troy Peterson is an individual resident of Harris County, Texas, who may be served with notice of this Petition at his residence 402 Fintona Way, Houston, TX 77015, or at any other address he can be located.

**CLAIM AMOUNT, VENUE and JURISDICTION**

6. The amount in controversy at this time is an undetermined amount. Upon information and belief, the assets of the Proposed Ward exceed Two Million dollars ($2,000,000.00) in liquidity.

7. This Court has venue and jurisdiction under Texas Probate Code §§607A and 610 A in result and consequence of the facts hereinafter alleged, showing that the claims and causes of action are those appertaining to the Guardianship of the Estate and Person of Ruby S. Peterson, whose permanent residence and domicile and where her principal estate are located, in Harris County, Texas.

**FACTUAL ALLEGATIONS**

8. The Proposed Ward is predeceased by her husband Troy Elliot Peterson on June 24, 1994, has no siblings, but is survived by her children, as follows:

692687.1

A. Carol Peterson Manley, 7915 Veramonte Ct, Sugar Land, TX 77479-7003.

B. David Troy Peterson, 402 Fintona Way, Houston, TX 77015.

C. Lonny Peterson, 307 Holly, Baytown, TX 77520.

D. Donny ("Don") Leslie Peterson, 13707 Greenwood Lane South, Houston, TX 77044.

E. Mackey ("Mack") Glen Peterson, 2151 Windmill Run, Wimberly, TX 78676.

9. This proceeding is initiated by Donny ("Don") Leslie Peterson and Mackey ("Mack") Glen Peterson, ("Petitioners") each adult son of the Proposed Ward, seeking first a Temporary Guardianship to be followed by a Permanent Guardianship of the Proposed Ward and Estate. In addition, and in the alternative, while fully insisting on the foregoing, Petitioners would show unto the Court the need for Declaratory Relief pursuant to CPRC §37.04 et seq., declaring Durable Power of Attorney dated June 24, 1993 heretofore signed by the Proposed Ward, to be null and void and having no further effect and unenforceable as such. Copy of June 24, 1993 Power of Attorney is attached as Exhibit "A". As a part of said Declaratory Relief, Petitioners would ask for the enforcement of subsequently executed Power of Attorney, dated November 15, 2013, appointing Petitioners each to serve in the capacity as attorney in fact for the Proposed Ward. A copy of that Power of Attorney is attached hereto and incorporated herein as Exhibit "B". And, in the unlikely event that the Court should declare Petitioners' Power of Attorney not enforceable as such, then Petitioners seek appointment of first, a Temporary Guardian pending what they expect to be a contest of this Petition, and subsequently, a Permanent Guardian over the Proposed Ward's Person and Estate. Further, in connection with the foregoing, Petitioners seek of this Court an Order for an audit/accounting pursuant to Rule 172 of the Texas Rules of Civil Procedure, providing a statement of accounts on behalf of the Proposed Ward, and for the best interest of the Proposed Ward, identifying and stating the extent,

692687.1

if any, to which the assets of the Proposed Ward have been subjected to wrongful use and excess of distribution while being in the control of the persons heretofore exercising Power of Attorney in behalf of the Proposed Ward, *viz.* Carol Peterson Manley and David Troy Peterson.

10. Carol Peterson Manley and David Troy Peterson have exercised self-serving and wrongful dominion and control of the assets of the Proposed Ward and her Estate pursuant to the Power of Attorney dated June 24, 1993 (Exhibit "A"). For this reason upon this cause and for the best interest and protection of the Proposed Ward, Petitioners seek the appointment of an auditor to represent the accounting of assets and disposition of same for the preceding one year period.

11. In connection with the person, *i.e.* the Proposed Ward, the siblings of Petitioners, Carol Peterson Manley and David Troy Peterson have, in addition to exercising dominion and control over the assets of the Proposed Ward, have isolated her from remaining family members, having placed her in a nursing home, not of the choosing of Ruby S. Peterson, and in effect over her objection. Ruby S. Peterson is in the company of free roaming domestic animals within her present living facility, having an agitating effect upon the Proposed Ward. For the purpose of the protection and best interest of the Proposed Ward pending resolution of this Petition for the Appointment of a Permanent Guardian and the determination of the necessity of the same, Petitioners would seek the appointment of a Temporary Guardian of the Person and Estate of Ruby S. Peterson, at the discretion of the Court, again, pending the determination of the need for a Permanent Guardianship of the Person and Estate of the Proposed Ward and the qualification, if appointed, of same.

12. Furthermore, and in connection with the Appointment of a Temporary Guardian, Petitioners would seek a Temporary Restraining Order, Temporary Injunction, and Permanent

692687.1

Injunction preventing the further unwarranted and self-serving intervention of two of the children, Carol Peterson Manley and David Troy Peterson into her business and personal affairs. That is, Petitioners would show the need for Court to restrain said persons from exercising unlawful dominion of control of assets and person of the Proposed Ward, interfering with her day to day personal affairs and the selection of a living and care facility suited to her needs and liking, as opposed to her present placement in Silverado Sugar Land Memory Care Community not at her selection and against her will. In the absence of an Order restraining such activity, appointing a Temporary Guardian in her behalf Ruby S. Peterson will likely suffer irreparable harm, and as to her assets for which a money judgment alone would not necessarily suffice for her protection and for which there would be no other adequate remedy at law in damages alone, particularly if denied the immediate care and contact of her loved ones and the protection of her estate from dissipation and the unknown ability to recover funds that may have been mismanaged, misappropriated, converted, or committed beyond the Ward's reach by deceitful and fraudulent acts. Moreover, the Proposed Ward has been provided insufficient and detrimental medical care by the wrongful administration of drugs. Moreover, for those funds found in the possession of any third party that belong to Ruby S. Peterson, and for which said funds, assets or other property were acquired through use of fraud and deceit of the Proposed Ward, Petitioners would ask that the Court impose a Constructive Trust for the protection and conservation of same.

13. The Proposed Ward presently lives at Silverado Sugar Land Memory Care Community in Sugarland. The administrator or operator of that facility is Tana McMillon, who may be served with notice of this proceeding at Silverado Sugar Land Memory Care Community, 1221 Seventh Street, Sugar Land, TX 77478 pursuant to TPC §633(d)(3) and (4).

692687.1

During the Petitioners visit with the Proposed Ward on November 15, 2013, Proposed Ward appeared to be unaware and unable to comprehend the full details or any extent of controversy between and among her children as to her care and condition. It also appears to Petitioners that because of the Proposed Ward's mental condition, she is unable to protect herself or make decisions that are in the best interest of her personal and financial affairs. Still, believing in the foregoing, Petitioners accepted the Proposed Ward's signed Power of Attorney and Revocation of prior Power of Attorney on 11-15-13, not contradictory to their belief in their mother's mental limitations, but perhaps in a lucid moment. that she understood what she was signing.

14. Section 875(k) of the Texas Probate Code provides that when a Permanent Guardianship is contested, the Court on the Court's own Motion or on the Motion of an interested party, may appoint a Temporary Guardian pending contest without issuing notice and citation if the Court finds that the appointment is necessary to protect a Proposed Ward or the Proposed Ward's Estate. In this case, the Petitioners believe there is a necessity for the immediate appointment of a disinterested third party Temporary Guardian over the Proposed Ward's Person and Estate pending the actual appointment and qualification of a Permanent Guardian as such, upon a determination of the need for same by the Court, and should the Power of Attorney of Petitioners be declared unenforceable as well.

15. Based upon the foregoing facts and allegations, the Petitioners believe the appointment of a Temporary Guardian, and subsequently a Permanent Guardian of the Proposed Ward's Person and Estate is necessary to protect the Proposed Ward, and her Estate, and that the powers given to the Temporary Guardian pending such a termination should include at least the following:

692687.1

A. To take possession of all funds belonging to Proposed Ward, wherever located;

B. To make demands of Carol Peterson Manley and David Troy Peterson for accountings of all Proposed Ward's funds;

C. To demand accountings of all acts of any agents for Proposed Ward under powers of attorney;

D. To pay all reasonable and necessary expenses of Proposed Ward, subject to approval and ratification of this Court;

E. To arrange for medical care of Proposed Ward;

F. To sell any real property belonging to Proposed Ward, subject to further orders of this Court; and

G. To apply to this Court for additional powers or to modify the powers ordered herein that are necessary to protect Proposed Ward and her estate.

**Application for Temporary Restraining Order,**
**Temporary Injunction, and Permanent Injunction**

16. Petitioners ask the Court to grant a temporary restraining order and to set their application for temporary injunction for a hearing, and after the hearing, issue a temporary injunction which:

- Prohibits Carol Peterson Manley and/or David Troy Peterson, or any person purporting to be acting as their family, officer, agent, servant, employees and/or acting in concert or participation with them, other than Petitioners from:

    (i) attempting to withdraw, pledge, encumber, transfer, gift, or otherwise remove any funds or other assets held in any depository account held in Carol Peterson Manley and/or David Troy Peterson's name or on which Ruby S. Peterson was or is a signatory;

    (ii) attempting to conceal, spend, transfer, pledge, deposit, gift, sell or otherwise dispose of any funds, assets Carol Peterson Manley and/or David Troy Peterson, their family, agents or employees have received and/or taken from Ruby S. Peterson or from any account in which Ruby S. Peterson was or is a signatory, or assets Carol Peterson Manley and/or David Troy Peterson have purchased with funds received from Ruby S. Peterson on her accounts;

692687.1

Silverado Appx. 0070

(iii)   attempting to contact or communicate with Ruby S. Peterson, her family, and/or her caregivers in any form or method, without supervision.

- Orders Carol Peterson Manley and/or David Troy Peterson to return to counsel for Petitioners within 24 hours of its Temporary Restraining Order all personal property which was either purchased using money from any of Ruby S. Peterson's accounts or fraudulently obtained from Ruby S. Peterson or which was taken from Ruby S. Peterson or give to Carol Peterson Manley and/or David Troy Peterson by Ruby S. Peterson.

- Prohibits Carol Peterson Manley and/or David Troy Peterson or any person or entity purporting to be acting as Carol Peterson Manley and/or David Troy Peterson's officer, agent, servant, employees and/or acting in concert or participation with them from attempting to conceal, spend, transfer, pledge, deposit, gift, sell or otherwise dispose of any funds, assets Carol Peterson Manley and/or David Troy Peterson have purchased with funds received from Ruby S. Peterson.

17.   Petitioners further ask the Court to grant a temporary restraining order and to set their application for temporary injunction for a hearing, and after the hearing, issue a temporary injunction mandating that Carol Peterson Manley and/or David Troy Peterson cease all contact and communication with Ruby S. Peterson, her family, and her caregivers, and return any and all cash, assets belonging to Ruby S. Peterson, and any other items that they have taken and/or received from Ruby S. Peterson immediately upon service of the Temporary Restraining Order and/or Temporary Injunction.

**Probable Right of Recovery**

18.   A temporary restraining order and/or temporary injunction will protect Ruby S. Peterson from further exploitation and abuse. Courts sitting in probate possess clear authority and jurisdiction to protect both the named assets of an estate, and the probable assets of an estate. The Texas Supreme Court evaluated the charge given to probate courts in Texas and found that

692687.1

the courts possessed the authority and direction to issue injunctions to preserve the assets of an estate and to prevent potential dissipation of those assets. In *Lucik v. Taylor*, the Texas Supreme Court held:

> Here, as in *English v. Cobb,* the protection from dissipation or transfer of the potential assets of the estate of Lucik directly bears on the ultimate collection and distribution of such properties pursuant to his effective will. As such, the injunctive relief related to a matter "incident to an estate" and was within the injunctive powers of the Probate Court of Dallas County.
>
> *Lucik,* 596 S.W.2d at 516, *See also Smith v. Lanier,* 998 S.W.2d 324, 336 (Tex. App.—Austin 1999, pet. Denied) ("A court has the inherent power to order the surrender of property held by any party to the suit. This inherent power enables the court to preserve its own ability to render effective relief and give effect to its judgment." (internal citations omitted)).

**Probable Right of Success on Merits**

19. The factual allegations contained in this pleading provide ample evidence to sustain the causes of action alleged herein. These factual allegations and causes of action are fully incorporated herein, and Plaintiff relies upon these paragraphs in his application for temporary restraining order and temporary injunction.

**Probable Injury**

20. If a restraining order and/or temporary injunction are not issued, Ruby S. Peterson will remain subject to exploitation and manipulation and possible indigence or worse.

692687.1

*Irreparable Injury:* If Carol Peterson Manley and/or David Troy Peterson and necessary parties are not enjoined from the actions above, not only may Ruby S. Peterson's assets be lost that are necessary for her support, but she will also remain at risk of physical and/or emotional harm.

*No adequate Remedy at Law for Damages:* Unless Carol Peterson Manley and/or David Troy Peterson are enjoined by this Court from concealing, spending, disbursing, gifting, selling, diminishing, pledging, transferring, altering or disposing of any or all funds and assets they have received and/or taken from Ruby S. Peterson, or from any account in which she is a signatory, and enjoined from attempting to change, remove or otherwise alter any beneficiary designation or signor on any depository account or financial account held in Ruby S. Peterson's name or for her benefit, and/or from attempting to contact or communicate with Ruby S. Peterson, her family, and/or her caregivers in any form or method without supervision, Ruby S. Peterson's assets may be stolen and unrecoverable, and her physical person may be further harmed.

### Bond

21. Petitioners are willing to post bond.

### Damages

22. Petitioners seek a temporary restraining order and/or temporary injunction to prevent Carol Peterson Manley and/or David Troy Peterson and/or any person claiming to be acting as their officers, agents, servants, employees and/or acting in concert or participation with them, from further damaging Ruby S. Peterson or her estate.

### <u>REQUESTS FOR DISCLOSURE</u>

23. Under Texas Rule of Civil Procedure §194 Petitioners requests that Respondents

692687.1

Carol Peterson Manley and David Troy Peterson disclose, within fifty (50) days of the service of this request, the information and/or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Petitioners pray that the Court (1) appoint a disinterested third party to perform an audit of the assets of the Proposed Ward and report such to the Court; (2) that the Power of Attorney dated June 24, 1993 under which Carol Peterson Manley and David Troy Peterson heretofore acted as Attorney in Fact in behalf of Ruby S. Peterson be declared null and void and of no further force or effect and not enforceable; (3) that the similar Power of Attorneys dated November 15, 2013 appointing Mackey Glen Peterson and Donny Leslie Peterson be declared enforceable as such, or alternatively; (4) that a Permanent Guardian be appointed for the Proposed Ward's Person and Estate, and that pending such, (5) a Temporary Guardian be appointed for the protection of the assets of the estate and person of the Proposed Ward; (6) for the appointment of a Permanent Guardian in the event that the Power of Attorneys dated November 15, 2013 appointing Mackey Glen Peterson and Donny Leslie Peterson is not given full effect and credit and enforceability as such, and; (7) that the Court thus appoint qualified person or persons to act as such, the Permanent Guardian of the Person and Estate of Ruby S. Peterson, (8) and for such other and; further relief to which Petitioners would show themselves justly entitled and in the best interest of the Proposed Ward; Furthermore, that

(a) Notice and citation be issued as required by law;

(b) Upon final trial and hearing hereof, the Proposed Ward (by and through her guardianship) have judgment against Carol Peterson Manley and/or David Troy Peterson for any sums that may be adjudged against them in accordance with the law and the facts as determined by this Honorable Court for damages as a result of damage or loss of the above accounts and, that she have her costs in her behalf incurred, that she be awarded punitive damages for such conduct as is determined to be made by malice, fraud and deceit;

The Court set the temporary injunction for hearing and issue a temporary injunction which:

692687.1

• Prohibits Carol Peterson Manley and/or David Troy Peterson or any person purporting to be acting as their family, officer, agent, servant, employees and/or acting in concert or participation with him, other than Petitioners from:

(i) Attempting to withdraw, pledge, encumber, transfer, gift or otherwise remove any funds or other assets held in any depository account held in any depository account held in Carol Peterson Manley and/or David Troy Peterson's name or on which Ruby S. Peterson was or is a signatory;

(ii) Attempting to conceal, spend, transfer, pledge, deposit, gift, sell or otherwise dispose of any funds, assets Carol Peterson Manley and/or David Troy Peterson has received and/or taken from Ruby S. Peterson or from any account in which Ruby S. Peterson was or is a signatory, or assets Carol Peterson Manley and/or David Troy Peterson have purchased with funds received from Ruby S. Peterson or her accounts;

(iii) Attempting to contact or communicate with Ruby S. Peterson, her family, and/or her caregivers in any form or method, without supervision.

• Orders Carol Peterson Manley and/or David Troy Peterson to return to counsel for Petitioners within 24 hours of its Temporary Restraining Order all personal property which was either purchased using money from any of Ruby S. Peterson's accounts or fraudulently obtained from Ruby S. Peterson or which was taken from Ruby S. Peterson or given to Carol Peterson Manley and/or David Troy Peterson by Ruby S. Peterson.

• Prohibits Carol Peterson Manley and/or David Troy Peterson or any person or entity purporting to be acting as Carol Peterson Manley and/or David Troy Peterson's officer, agent, servant, employees and/or acting in concert or participation with them from attempting to conceal, spend, transfer, pledge, deposit, gift, sell or otherwise dispose of any funds, assets Carol Peterson Manley and/or David Troy Peterson have purchased with funds received from Ruby S. Peterson or her accounts.

(c) For such other and further relief to which Petitioners may show themselves and the Proposed Ward justly entitled and in the best interest of the Proposed Ward.

692687.1

Silverado Appx. 0075

Respectfully submitted,


By: /s/ *Michael A. Hirsch*
     MICHAEL A. HIRSCH
     109 North Post Oak Lane, Suite 300
     Houston, Texas 77024
     713/785-1700
     Facsimile Transmission No.
     713/785-2091
     State Bar No. 09718200

Attorney for Petitioners
Mackey Glen Peterson and
Donny Leslie Peterson

FILED
2013 DEC 11 PM 3: 56
*Stan Stewart*
COUNTY CLERK
HARRIS COUNTY, TEXAS

692687.1

Silverado Appx. 0076

# TAB 6

NO. 427208

| IN THE GUARDIANSHIP OF | § | PROBATE COURT |
| | § | |
| RUBY S. PETERSON, | § | NUMBER ONE (1) OF |
| | § | |
| INCAPACITATED | § | HARRIS COUNTY, TEXAS |

ORDER APPOINTING ATTORNEY AD LITEM

On this day came on for consideration, The Court's own Motion for the Appointment of Attorney Ad Litem pursuant to Texas Estates Code 1054.001, and the Court being of the opinion that the Motion is well taken and should be granted; it is, therefore,

ORDERED, ADJUDGED and DECREED by the Court that _Russ Jones_____, telephone number: 713-562-1144 fax number: 713-781-4448_____ an attorney duly licensed to practice in the State of Texas and before this Court be appointed Attorney Ad Litem pursuant to Texas Estates Code 1054.001 to represent the interests of the Proposed Ward.

IT IS FURTHER ORDERD that pursuant to Texas Estates Code 1054.001 and pursuant to HIPAA Regulations 45 CFR § 164.512(e)(1)(i) (2002), that the Health Care Organization or Physician presented with this Order shall give the Attorney Ad Litem complete access to Proposed Ward's Protected Health Information including, but not limited to, medical records, psychological records and intellectual testing records that are dated within the last 12 months from the date of this Order and up to and including Protected Health Information to the present date of this order is presented.

IT IS FURTHER ORDERED that the above-appointed Attorney Ad Litem shall be given complete access to Proposed Ward's financial records including, but not limited to, records from all bank accounts, investment accounts, retirement and employee benefit accounts, and credit and debt records.

SIGNED this 25 day of February, 2014.

JUDGE PRESIDING

Silverado Appx. 0077

No. 1-15-586-CV108

# TAB 7

APPELLATE COURT CASE NO. 01-15-00567-CV AND 01-15-00586-CV

TRIAL COURT CASE NO. 427,208 & 427,208-401

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/15/2015 10:04:54 AM
CHRISTOPHER A. PRINE
Clerk

IN THE GUARDIANSHIP        *        IN THE PROBATE COURT OF

                          *

RUBY PETERSON,             *        HARRIS COUNTY, T E X A S

                          *

INCAPACITATED ADULT        *        COURT   NUMBER   (1)   ONE


MOTION FOR INDEPENDENT MEDICAL EXAMINATION

AND MOTION FOR COSTS HEARING


Came to be heard on this the 27th day of March, 2014, Motion For Independent Medical Examination and Motion for Costs Hearing, in the above-entitled and numbered cause, and all parties appeared in person and/or being represented by Counsel of Record, before the Honorable Loyd Wright, Judge Presiding.


VOLUME  2  OF  13


O R I G I N A L

APPEARANCES

ATTORNEY FOR PLAINTIFFS, MACKEY GLEN PETERSON, DON LESLIE PETERSON AND LONNY PETERSON:

       Michael Hirsch
       State Bar No. 09718200
       109 N. Post Oak Lane, Suite 300
       Houston, Texas 77024
       Telephone: (713)785-1700

ATTORNEY FOR DEFENDANTS/MOVANTS, CAROL ANN MANLEY AND DAVID PETERSON:

       Sarah Patel Pacheco
       State Bar No. 00788164
       1401 McKinney Street
       1700 Five Houston Center
       Houston, Texas 77010
       Telephone:  713-658-2323

ATTORNEY AD LITEM FOR RUBY PETERSON:

       W. Russ Jones
       State Bar No. 10968050
       5177 Richmond Ave, Suite 505
       Houston, Tx 77056-6775
       Telephone:  713-552-1144

CHRONOLOGICAL INDEX

Page

Attorneys' Arguments on Motion for IME

and Motion for Costs Hearing............................   4

Court recesses.......................................  26

Court Reporter's Affidavit...........................  27